# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-0995V
(not to be published)

CHRISTINE LARSEN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 23, 2023

Special Processing Unit (SPU);
Attorney's Fees and Costs; Hourly
Rates

*Paul G. Krentz, Kinnally Flaherty Krentz Loran Hodge & Masur, Aurora, IL, for Petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 11, 2019, Christine Larsen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre syndrome as a result of an influenza vaccine received on October 24, 2018. Petition at 1. On February 13, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 97.

Petitioner has now filed a motion for attorney's fees and costs, dated April 6, 2023 (ECF No.105), requesting a total award of $90,974.31 (representing $80,815.00 in fees and $10,159.31 in costs). In accordance with General Order No. 9, Petitioner filed a

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 105 at 12. Respondent did not file a response.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Paul G. Krentz: $464 per hour for time billed in 2019; $484 for time billed in 2020; $509 per hour for time billed in 2021; and $525 per hour for time billed in 2022. ECF No. 105 at 7 – 11. Mr. Krentz has been a

licensed attorney since 1983, placing him in the range of attorneys with over 31 years' experience based on the OSM Attorney Fees Rate Schedule for all his time billed. Although the requested rates are within the appropriate experience ranges, Mr. Krentz does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper for Mr. Krentz to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $420 per hour for time billed in 2019; $450 per hour for time billed in 2020; $475 per hour for time billed in 2021; and $495 for time billed in 2022. This reduces the amount to be awarded in fees by **$5,641.30**.[3] Mr. Krentz will be entitled to rate increases in the future (for coming years), however, as he demonstrates more experience in Vaccine Program cases

## ATTORNEY COSTS

Petitioner requests $10,159.31 in overall costs. ECF No. 105 at 6. This includes costs associated with Medical Records, Life Care Planning, and the Court's filing fee. I find the majority of these costs to be reasonable, with the exception of the cost for $15.00 from the "Clerk, Illinois Supreme Court – Fee – Cert. of good standing". As the Program does not pay fees associated with the Court's bar admission process, I will deny reimbursement for this specific cost. All other costs requested have had accurate documentation provided and shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$85,318.01** (representing $75,173.70 in fees and $10,144.31 in costs) as a lump sum in the form of a check jointly

---

[3] This amount consists of ($464 - $420 = $44 x 38.95 hrs = $1,713.80) + ($484 - $450 = $34 x 50.90 hrs = $1,730.60) + ($509 - $475 = $34 x 35.85 hrs = $1,218.90) + ($525 - $495 = $30 x 32.60 hrs = $978) = $5,641.30.

payable to Petitioner and Petitioner's counsel Paul G. Krentz. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.